IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY KEVIN FIELDS, #18555-083    *
         Petitioner
       v.                               *    CIVIL ACTION NO. AW-13-cv-2321

WARDEN ROBERT KOPPEL           *
         Respondent.
                                      *****

## MEMORANDUM

**Procedural History**

On August 8, 2013, this court received for filing a 28 U.S.C. § 2241 Petition from Anthony Kevin Fields ("Fields") who, at the time he filed his Petition, was detained at the Chesapeake Detention Center in Baltimore, Maryland. Fields contends that he is illegally confined on a probation violation, without a hearing and counsel, as he is "past his mandatory release date." (ECF Nos. 1 & 2).

**Pending Pleadings**

Currently pending before the court are the Response and Supplemental Response to the Petition, along with Fields's Reply and Motions for Appointment of Counsel, for Release and "Tell Out Come," and on the Habeas Corpus. (ECF Nos. 4-7, 9-10 & 12). For reasons to follow, the Petition shall be denied and dismissed and Fields's Motions shall be denied.

**Arguments**

Respondent's records show that a warrant was issued charging Fields with violations of the conditions of his supervision, he has refused to avail himself of counsel, and has an upcoming revocation hearing on September 16, 2013.

On May 26, 2005, the Superior Court of the District of Columbia sentenced Fields to nine months imprisonment and another consecutive nine months for escape and contempt. The sentences

were to be followed by three-year terms of supervised release. (ECF No. 9 at Ex. 1 ). Fields began serving the supervised release terms on January 26, 2006. (*Id*. at Ex. 2).

On August 27, 2007, The U.S. Parole Commission ("Commission") issued a warrant charging Fields with violating the conditions of his supervision, to wit: the use of illegal drugs, failure to report to his supervising officer as directed, violation of the special conditions of supervision requiring drug aftercare and mental health counseling. (*Id*. at Ex. 2). On October 8, 2008, the Commission supplemented the warrant with an additional charge of attempted distribution of cocaine.[1] (*Id*. at Ex. 3). The warrant was placed as a detainer and executed upon Fields's July 19, 2008 release from confinement on the new sentence. (*Id*. at Ex. 5).

Following a February 5, 2009 revocation hearing, the Commission revoked Fields's term of supervised release and ordered that he serve 14 months in custody and 46 months of supervised release after his release from custody. (*Id*. at Ex. 6). He was released to the 46-month supervised release term on August 14, 2009. (*Id*. at Ex. 7).

On December 30, 2011, however, the Commission issued a warrant charging Fields with violating the conditions of supervision by failing to submit supervision reports, using illegal drugs, failing to report as directed, and violating the special drug aftercare condition. (*Id*. at Ex. 7). Fields was taken into custody on the warrant and probable cause was found on February 10, 2012. On February 17, 2012, the Commission took action which diverted Fields into the Residential Substance Abuse Treatment Program ("RSAT"), postponing the final revocation hearing pending treatment. Following his successful completion of the RSAT, the Commission released Fields from custody of the warrant and conditionally reinstated him to supervision on June 13, 2012. (*Id*. at Exs. 8 & 9).

---

[1] Fields received a new conviction in the D.C. Superior Court on the distribution offense. (ECF No. 9 at Ex. 4).

During his subsequent release, Fields failed to submit supervision reports or to participate in the outpatient drug treatment and the mental health treatment program. On November 16, 2012, the Commission issued a new warrant charging Fields with new violations of the conditions of supervision. (ECF No. 9 at Ex. 10). Fields was taken into custody on the warrant on November 28, 2012 and received a probable cause hearing on November 30, 2012, at which time appointed counsel appeared on his behalf. (*Id*. at Exs. 11 & 12). Fields signed an advanced consent to expedited revocation decision at that time, agreeing to waive his final revocation hearing and accept a proposed disposition in his case which would require him to serve the maximum allowable time in custody, with no term of supervision to follow. (Id. at Ex. 13). On January 17, 2013, the Commission notified Fields that it had revoked the term of his supervised release, ordered a new term of imprisonment of 42 months, with no further supervision upon release. (*Id*. at Ex. 14). This action was voided two weeks later when the Commission discovered that Fields was unaware of the authorized term of imprisonment when he signed the advance consent. The Commission sent an expedited revocation proposal to Fields's attorney on February 1, 2013. (*Id*. at Exs. 15 & 16).

On April 5, 2013, the Commission sent electronic mail to verify that the expedited revocation proposal had been received and presented to Fields. (*Id*. at Ex. 18). A follow-up electronic mailing was sent to District of Columbia Department of Corrections staff on May 7, 2013 asking for an update. (*Id*. at Ex. 19). In response, staff informed the Commission that Fields had refused to receive the expedited offer and he had complained that his attorney had not seen him and should be the one to show him the proposal. (*Id*.).

A local revocation hearing was held in the District of Columbia on June 19, 2013, at which time Fields appeared and requested a continuance, waived adverse witnesses and, according to Respondent, requested transfer to the Federal Detention Center in Philadelphia, Pennsylvania for his

revocation hearing because he did not believe he could get a fair hearing in the District of Columbia prison. (ECF No. 9 at Ex. 22). The Commission ordered Fields hearing continued to the next available docket following his transfer to a U.S. Bureau of Prisons' ("BOP") facility. (*Id*. at Ex. 23). He was designated to the Federal Detention Center in Philadelphia and is scheduled to receive a revocation hearing the week of September 16, 2013. (*Id*. at Exs. 25 & 26).

Respondent argues that the Petition is subject to dismissal as the proper remedy for a delayed hearing is not habeas relief, but rather mandamus. He further opines that Fields has not shown unreasonableness or prejudice from the delay and the delay was caused in part from Fields's own recalcitrance in refusing to proceed with a hearing attempted in June of 2013. Respondent further asserts that Fields's claim that his sentence has expired is "meritless," as he was on supervised release during the times that the Commission issued a warrant of violation of the conditions of supervision and the issuance of the warrant tolls the running of the sentence.

In his Motion on the Response, construed as Field's Reply to the Respondent's Answer (ECF No. 12), Fields seemingly asserts that he was arrested in Maryland, and instead of seeing a magistrate judge in this Court, he was given to the District of Columbia authorities without seeing a judge. He also references a violation of the Double Jeopardy Clause, stating that he was released out of federal custody in November of 2012, but given back to the U.S. Marshal by the Commission in July of 2013. (*Id*.).

**Analysis**

The National Capital Revitalization and Self-Government Improvement Act ("Act") transferred parole release and revocation functions over District of Columbia ("D.C.") felony offenders from the former D.C. Board of Parole to the Commission. *See Franklin v. District of Columbia*, 163 F.3d. 625, 632 (D.C. Cir. 1998); *see also Simmons v. Shearin*, 295 F.Supp.2d 599,

602 (D. Md. 2003) (effective August 5, 2000, the Commission was given the remaining responsibilities of the former D.C. Board of Parole regarding supervision of parolees and the revocation of parole release violations. § 11231(a)(2) of the Act, codified at D.C. Code § 24–131(a)(2).

The court has reviewed the record and finds that Fields's Petition is without merit. He complains that he was denied a revocation hearing, but the record shows that the he was provided a probable cause hearing and the Commission made an attempt earlier this year to provide him a revocation hearing, and he himself sought and was granted a continuance until such time as he was moved to a BOP facility. Moreover, his claim that he was denied counsel is pointless. According to the factual record, he was afforded counsel at the initial probable cause hearing and has failed to avail himself of an attorney for reasons not revealed in the record. Lastly, the revocation warrant was issued while Fields was on supervised release, thereby tolling the sentence. Title 18 U.S.C. § 3582(i) effectively tolls the term when a defendant violates a condition of supervised release. *See United States v. Okoko*, 365 F.3d 962, 966 (11th Cir. 2004). Fields is to be provided a revocation hearing the week of September 16, 2013.

**Conclusion**

For the aforementioned reasons the Petition for writ of habeas corpus shall be denied and dismissed. Fields's Motions for Appointment of Counsel, for Release and "Tell Out Come," on the Habeas Corpus, and the Response shall be denied. The court declines to issue a certificate of appealability. A separate order follows.

Date: September 17, 2013        /s/
                                Alexander Williams Jr.
                                United States District Judge